**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN (BALTIMORE) DIVISION**

THOMAS E. PEREZ, SECRETARY
OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,
1100 Wilson Boulevard, 22nd Floor West
Arlington, VA 22209-2296,

Plaintiff,

v.

BRIAN HICKS,
799 Brackley Rd., Severna Park, MD 21146
(Anne Arundel County),
TROJAN HORSE LTD,
7205 Montevideo Road,
Jessup, MD 20794,
CAPITOL EXPRESSWAYS, INC.,
7205 Montevideo Road,
Jessup, MD 20794,
GLEN BURNIE HAULING, INC,
7205 Montevideo Road,
Jessup, MD 20794,
BDH LOGISTICS LLC,
7205 Montevideo Road,
Jessup, MD 20794, and
TROJAN HORSE LTD 401(K) PLAN,

Defendants.

Civil Action No. ___________

**COMPLAINT**

Thomas E. Perez, Secretary of Labor, United States Department of Labor, hereby alleges:

**JURISDICTION AND VENUE**

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under

sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under section 409 of ERISA, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The Trojan Horse LTD 401(k) Plan ("the Plan") is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to section 4(a) of ERISA, 29 U.S.C. § 1003(a).

4. Venue with respect to this action lies in the United States District Court for the District of Maryland, pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2). The Plan was administered by its Administrator and Plan Sponsor Trojan Horse LTD ("Trojan Horse") in Jessup, Maryland, where the breaches occurred**.**

5. For purposes of this Complaint, the relevant time period is defined as June 2011 to date.

**THE PARTIES**

6. The Secretary, pursuant to section 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

7. Trojan Horse LTD is the Plan Administrator and the employer who established the Plan, and was at all relevant times an employer to employees covered by the Plan. During the relevant time period, Trojan Horse exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan. Trojan Horse is a named fiduciary to the Plan within the meaning of section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

8. Capitol Expressways, Inc. ("Cap Ex") was an employer to employees covered by the Plan, and exercised authority and control respecting management and disposition of employee contributions and loan repayments, which were Plan assets. Cap Ex therefore was a fiduciary under ERISA within the meaning of section 3(21), 29 U.S.C. § 1002(21). As a Plan fiduciary and employer to employees covered by the Plan, Cap Ex was a party in interest with respect to the Plan within the meaning of section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

9. BDH Logistics LLC ("BDH Logistics") was an employer to employees covered by the Plan, and exercised authority and control respecting management and disposition of employee contributions and loan repayments, which were Plan assets. BDH Logistics therefore was a fiduciary under ERISA within the meaning of ERISA section 3(21), 29 U.S.C. § 1002(21). As a Plan fiduciary and employer to employees covered by the Plan, BDH Logistics was a party in interest with respect to the Plan within the meaning of section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

10. Glen Burnie Hauling, Inc. ("Glen Burnie Hauling") was an employer to employees covered by the Plan, and who exercised authority and control respecting management and disposition of employee contributions and loan repayments, which were Plan assets. Glen Burnie Hauling therefore was a fiduciary under ERISA within the meaning of section 3(21), 29 U.S.C. § 1002(21). As a Plan fiduciary and employer to employees covered by the Plan, Glen Burnie Hauling was a party in interest with respect to the Plan within the meaning of section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

11. By the end of 2006, Brian Hicks ("Hicks") became the sole owner and President of Trojan Horse. He also owned and operated Cap Ex, BDH Logistics and Glen Burnie Hauling. From June 2011 until the present, Hicks exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets and had discretionary authority and discretionary responsibility in the administration of the Plan. Among other things, at relevant times, Hicks had and exercised discretionary authority and discretionary control over the forwarding and allocation of employee contributions, the termination of the Plan, Plan distributions to participants and beneficiaries, and appointment of Plan fiduciaries. Hicks is therefore a fiduciary to the Plan within the meaning of section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of section 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H).

**General Allegations**

12. On or around January 1, 2009, Trojan Horse established the Plan to provide retirement benefits to its employees. Trojan Horse was the Adopting Employer and Plan Administrator.

13. Cap Ex adopted the Plan effective June 1, 2011.

14. BDH Logistics adopted the Plan effective June 1, 2011.

15. Glen Burnie Hauling adopted the Plan effective June 1, 2011.

16. The Plan was funded by elective employee payroll deferral contributions and mandatory employer contributions.

17. Since June 2011, Plan assets have been held by Frontier Trust, who is a directed trustee of the Plan. Under Frontier Trust's trust agreement with the Plan, Frontier Trust's actions must be directed by the Plan Administrator, Trojan Horse.

18. The Plan's governing documents do not name a discretionary trustee.

19. From June 2011 until their cessation of operations in 2013, Trojan Horse, BDH Logistics, Glen Burnie Hauling, and Cap Ex (collectively, the "Companies"), through Brian Hicks, deducted employee contributions, but failed to remit or timely remit the employee contributions to the Plan, causing a net loss of about $2,084.67 to the Plan and its participants.

20. From June 2011 until their cessation of operations in 2013, the Companies, through Brian Hicks, deducted employees' loan repayments paid through employee payroll, but failed to remit or timely remit the loan repayments to the Plan, causing a net loss of about $16,503.67 to the Plan and its participants.

21. The Companies and Hicks failed to segregate the employee contributions and loan repayments, which were Plan assets, from the general assets of the Companies.

22. The unpaid employee contributions and loan repayments were retained by the Companies and Hicks for the Companies' and/or Hicks's benefit and/or use.

23. In 2011 and 2012, the Plan's auditor identified areas in the Plan's administration needing improvement, including monitoring and documentation of contributions to the Plan.

24. Contributions to the Plan were not properly allocated and recorded.

25. Retirement accounts were not established for all participating employees.

26. The Companies and Hicks knew that employee contributions and loan repayments were not being collected by the Plan, but failed to take reasonable steps to remedy the problem, including seeking collection of the owed monies, appointing a trustee to collect the monies, or notifying affected participants and beneficiaries.

27. The failure of any Plan trustee or fiduciary to remit or collect employee contributions and loan repayments from the Companies caused the Plan and its participants and beneficiaries to incur losses, including lost earnings.

28. By the end of 2013, the Companies, including Trojan Horse, ceased operating and all employees terminated their employment with the Companies.

29. No other employers participate in the Plan and there are no contributions being made into the Plan.

30. The Plan document requires the Plan to terminate if the Adopting Employer, Trojan Horse, is dissolved or terminated.

31. Under the terms of the Plan, Plan participants are entitled to distribution of their

non-forfeitable account balance upon termination of employment.

32. Prior to, at the time of, and following the Companies' cessation, neither Trojan Horse nor Hicks took sufficient steps to provide for the prudent and complete termination of the Plan and the distribution of the Plan's assets to eligible participants and beneficiaries. Neither Trojan Horse nor Hicks appointed anyone to take such steps, despite having authority to do so.

33. Ascensus, Inc. ("Ascensus") is the third party administrator for the Plan.  As of April 12, 2013, Sheena Tolson was listed in Ascensus's system as the Plan Administrator. She is no longer employed by any of the Companies.

34. When the Companies ceased operating, the Plan participants' employment with the Companies was terminated, but the participants and their beneficiaries have been unable to obtain distributions from the Plan because no Plan fiduciary, including Trojan Horse or Hicks, has initiated termination of the Plan and distribution of the assets.

35. The Plan's directed trustee, Frontier Trust, will not distribute the Plan's assets to participants and beneficiaries without direction from Brian Hicks, Sheena Tolson, or any other properly-appointed or court-appointed fiduciary.

36. The Secretary has made diligent efforts to contact Tolson and Hicks, to no avail.

37. The Companies and Hicks knew or should have known that the Plan should be terminated and participants and beneficiaries were entitled to distributions, and that participants and beneficiaries were unable to obtain distributions from the Plan, but failed to take sufficient steps to ensure the prudent and complete termination of the Plan and distribution of the Plan's assets to eligible participants and beneficiaries.

38. As of September 15, 2014, there were 198 participants in the Plan and

$912,510.69 in plan assets. Since June 2011, the Plan assets have been held in trust by Frontier Trust.

**Violations**

39. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1 to 38, inclusive.

40. By the actions and conduct described in paragraphs 1 to 38, the Companies and Hicks, fiduciaries of the Plan:

a. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

b. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

c. failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of section 403(a) of ERISA, 29 U.S.C. § 1103(a);

d. failed to ensure that the assets of the Plan did not inure to the benefit of the Companies, in violation of section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

  e. caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

  f. dealt with assets of the Plan in their own interest or for their own account, in violation of section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

41. By participating knowingly in each other's fiduciary breaches, knowing such acts or omissions to be breaches of fiduciary duty, the Companies and Hicks are liable for each other's breaches of fiduciary duty, pursuant to section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

42. By failing to comply with the section 404(a)(1) of ERISA in the administration of their specific fiduciary duties and thereby each enabling the other to commit a breach of ERISA, the Companies and Hicks are liable for each other's breaches of fiduciary duty, pursuant to section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

43. The Companies and Hicks, as fiduciaries of the Plan, by failing to make reasonable efforts under the circumstances to remedy the breaches of which they had knowledge, are liable for each other's fiduciary breaches, pursuant to section 405(a) (3) of ERISA, 29 U.S.C. § 1105(a)(3).

44. By the acts and omissions alleged in paragraphs 1 to 38, the Companies and Hicks knowingly participated and profited from the prohibited transactions, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), and ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

45. Because of the actions and conduct described in paragraphs 1 to 38, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and

control Plan assets as required by section 402(a), 29 U.S.C. § 1102(a), and section 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new discretionary Trustee or Plan Administrator.

**Prayer for Relief**

46. WHEREFORE, the Secretary prays that this Court issue an order:

   a. Removing the Companies and Hicks from any fiduciary roles or responsibilities with respect to the Plan;

   b. Permanently enjoining Brian Hicks from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

   c. Permanently enjoining Brian Hicks from exercising any custody, control, or decision-making authority with respect to the assets of any employee benefit plan covered by ERISA;

   d. Ordering the Companies and Hicks to restore any losses, including lost opportunity costs, to the Plan caused by their fiduciary misconduct;

   e. Appointing an independent fiduciary with plenary discretionary authority to administer the Plan in order to effectuate its termination, as well as allocation and distribution of Plan assets to the participants and beneficiaries;

   f. Awarding plaintiff, Secretary of Labor, the costs of this action; and

    g. Awarding such other relief as is equitable and just.

Respectfully submitted,

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

/s/ ______________________________
Evelyn H. Chung
Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
Office of the Regional Solicitor
1100 Wilson Boulevard, 22nd Floor West
Arlington, VA 22209-2296
chung.evelyn@dol.gov;
(202) 693-9660; fax (202) 693-9392

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff