# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of  
**Ellen Lipton Hollander**  
District Court Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
410-962-0742

January 5, 2016

MEMORANDUM TO COUNSEL

Re:  *Secretary of Labor v. Hicks, et al.*  
Civil Action No. ELH-15-1097

Dear Counsel:

As you know, on April 16, 2015, Thomas E. Perez, Secretary of Labor, plaintiff, filed suit against the following six defendants: Brian Hicks; Trojan Horse Ltd.; Capitol Expressways, Inc.; Glen Burnie Hauling, Inc.; BDH Logistics LLC; and Trojan Horse Ltd. 401(k) Plan. ECF 1, "Complaint." Plaintiff filed the Complaint pursuant to §§ 502(a)(2), 502(a)(5), and 409 of the Employee Retirement Income Security Act of 1974 ("ERISA") (*id.* at 1–2), seeking "to enjoin acts and practices which violate the provisions of Title I of ERISA." *Id.* at 2. Plaintiff alleges that defendants "failed to discharge their duties" with respect to the Trojan Horse Ltd. 401(k) Plan, as required under ERISA. *Id.* at 8.

Defendants BDH Logistics LLC; Capitol Expressways, Inc.; Trojan Horse Ltd.; and Glen Burnie Hauling, Inc. were served on July 15, 2015. ECF 10; ECF 11; ECF 12; ECF 13. Defendant Trojan Horse Ltd. 401(k) Plan appears to have been served on July 15, 2015 and July 16, 2015. ECF 14; ECF 15. The Clerk entered default for these five defendants on September 11, 2015. ECF 20. No further action has been taken as to these five defendants.

By Orders of August 14, 2015 (ECF 18) and October 13, 2015 (ECF 23), the Court granted plaintiff's motions for alternative service (ECF 16; ECF 22) as to Brian Hicks. He was served, *inter alia*, by first class mail sent to his last known address on October 15, 2015, and by publication on October 19, 2015, October 26, 2015, and November 2, 2015. ECF 24, 24-1, 24-2.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must respond to a complaint within 21 days of service of the suit. As of this date, no responsive pleading to the Complaint has been filed by defendant Hicks. Therefore, within seventeen days of the date of docketing of this Order, plaintiff is directed to file a motion for clerk's entry of default as to defendant Hicks, pursuant to Fed. R. Civ. P. 55(a), or show cause why such action is not appropriate.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge