IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS E. PEREZ, SECRETARY OF   *
LABOR, UNITED STATES
DEPARTMENT OF LABOR   *

   Plaintiff,   *

v.   *    Case No. 15-cv-1097-ELH

BRIAN HICKS, ET AL.,   *

   Defendants.   *

****** 

## REPORT AND RECOMMENDATION

  This Report and Recommendation addresses the Amended Motion for Default Judgment filed by Plaintiff, the U.S. Secretary of Labor (the "Secretary"), against Defendants, Brian Hicks ("Defendant Hicks"), Trojan Horse, Ltd., Capitol Expressways, Inc., Glen Burnie Hauling, Inc., and BDH Logistics, LLC (the "Company Defendants"), and Trojan Horse Ltd. 401(k) Plan (the "Plan"). (ECF No. 30.) Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On March 9, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me for a report and recommendation on Plaintiff's motion. (ECF No. 31.) I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I respectfully recommend that the Court GRANT the Secretary's Amended Motion for Default Judgment and award damages and other equitable relief.

## I.   FACTUAL AND PROCEDURAL HISTORY

  On April 16, 2015, Plaintiff commenced this action against Defendants, alleging that they violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(2) and (5). (ECF No. 1.) The Complaint alleges that Defendant Hicks and the Company

Defendants were fiduciaries of the Plan and parties in interest with respect to the Plan, which is governed by ERISA. The Secretary alleges that Defendant Hicks and the Company Defendants deducted but failed to remit certain contributions to the Plan, and that they failed to segregate Plan assets from the general assets of the Company Defendants, which resulted in losses to the Plan and its participants and beneficiaries. Additionally, upon the termination of the Company Defendants, the Complaint alleges that Defendant Hicks and the Company Defendants failed to terminate the Plan and make the requisite distribution of the Plan's assets to its participants and beneficiaries. The Complaint alleges that Defendant Hicks and the Company Defendants thereby failed to discharge their fiduciary duties with respect to the Plan, and dealt with assets of the Plan in their own interests, all in violation of ERISA.

Service of process was affected on the Company Defendants and the Plan on July 15 and 16, 2015. (ECF Nos. 10, 11, 12, 13, 14, 15, 16.) Service of process by publication was affected on Defendant Hicks on December 9, 2015. (ECF No. 24.) Defendants did not file answers or responsive pleadings within the requisite time period. Upon the Secretary's Motions, the Clerk entered orders of default against the Company Defendants and the Plan on September 11, 2015, and against Defendant Hicks on January 6, 2016. (ECF Nos. 20, 27.) The Secretary filed his Amended Motion for Default Judgment on March 7, 2016. The Secretary seeks an order directing Defendant Hicks and the Company Defendants to restore to the Plan the losses suffered as a result of their failure to remit certain employee contributions and loan repayments to the Plan. (ECF No. 30). With respect those losses, the Declaration of Meredith T. Hochman (Exhibit A to the Secretary's motion), states that Defendant Hicks and the Company Defendants failed to remit a total of $18,588.34 to the Plan, which would have earned approximately $1,572.40 in interest as of January 29, 2016. (Pl.'s Mem. Ex. 1, ECF No. 30-2.) The Secretary also asks the

Court remove Defendant Hicks and the Company Defendants from their fiduciary roles with respect to the Plan, to appoint an independent fiduciary to effectuate the Plan's termination and the distribution of its assets to its participants and beneficiaries, and to order Defendant Hicks and the Company Defendants to shoulder the cost of the services provided by the independent fiduciary. Finally, the Secretary asks the Court to permanently enjoin Defendant Hicks and the Company Defendants from serving as fiduciaries, trustees, agents, representatives, or service providers in any capacity for any plan governed by ERISA and from further violating ERISA.

## II.    LEGAL ANALYSIS

### A.    Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Fin., Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.

Rule 55 of the Federal Rules of Civil Procedure establishes the Court's legal framework for resolving this matter. "If, after entry of default, the plaintiff's complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *Redden*, 2010 WL 2651607, at *2. Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

## B.      Liability

Under ERISA, plan fiduciaries must discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries" for the exclusive purposes of "providing benefits to participants and their beneficiaries" and "defraying reasonable expenses of administering the plan," and they must do so with "care, skill, prudence, and diligence." 29 U.S.C. § 1104(a)(1)(A)-(B). Additionally, plan assets must not inure to the benefit of the employer, and fiduciaries are prohibited from engaging in transactions that deal with the plan's assets in their own interests as well as transactions that they know or should know constitute a direct or indirect transfer to a party in interest. 29 U.S.C. §§ 1103(c), 1106. The Secretary contends that Defendant Hicks and the Company Defendants were fiduciaries of the Plan and that they failed to remit certain payments to the Plan, instead retaining those payments for their own use. The Secretary alleges that Defendant Hicks and the Company Defendants thereby

4

breached their fiduciary duties, caused the Plan's assets to inure to the benefit of the employer, and engaged in transactions dealing with the Plan's assets in their own interests and transactions transferring the Plan's assets to a party in interest, all in violation of ERISA.  Accepting these factual allegations as true, the Secretary has thus stated a claim for relief under ERISA, and I recommend that the Court enter Judgment in favor of the Secretary.

### C.    Relief

Having determined that Plaintiffs have established liability, it is now appropriate to determine the relief to which the Secretary is entitled. Under ERISA, any person who breaches any fiduciary duty is personally liable to make good to the plan any losses. 29 U.S.C. § 1109(a). Additionally, a person who breaches his fiduciary duty "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." *Id.*

Here, the Secretary seeks $20,160.74 in monetary damages to be paid to the Plan. (*See* ECF No. 30). As noted, the secretary submitted the Declaration of Meredith T. Hochman, an investigator with the Washington District Office of the Employee Benefits Security Administration of the United States Department of Labor, in support of his requested relief. Ms. Hochman stated that Defendant Hicks and the Company Defendants failed to remit a total of $18,588.34 in employee contributions and loan repayments to the Plan, and that that sum would have earned approximately $1,572.40 in interest as of January 29, 2016.  (Hochman Decl. ¶ 9.) In support of her statement, Ms. Hochman attached a spreadsheet detailing her calculations. (Hochman Decl. Ex. 1, ECF No. 30-3.) Because the Secretary presented sufficient evidence to support the amount of damages claimed, I recommend that the Court award $20,160.74 in damages.

In conjunction with a default judgment, the Court also enjoys broad discretion to enter appropriate equitable relief under ERISA. *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 221 (D.D.C.

2007); *see also Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006) ("ERISA grants the court wide discretion in fashioning equitable relief . . . that relief may include a permanent injunction barring a former ERISA fiduciary from providing services or acting as a fiduciary to any employee benefit plan in the future." (internal citations and quotation marks omitted)). Here, the Secretary seeks removal of Defendant Hicks and the Company Defendants as fiduciaries of the plan and entry of a permanent injunction prohibiting Defendant Hicks and the Company Defendants from acting as fiduciaries, trustees, agents, representatives, or service providers to any plan governed by ERISA and from engaging in further violations of ERISA. Removal of Defendant Hicks and the Company Defendants as fiduciaries of the Plan is plainly appropriate in light of their breaches and their failure to properly terminate the Plan. It is likewise appropriate to prohibit Defendant Hicks and the Company Defendants from serving as fiduciaries, trustees, agents, representatives, or service providers to any plan governed by ERISA and from engaging in future violations of ERISA. *See Perez v. Estate of Buckingham*, Civil No. PWG-12-3576, 2014 WL 320130, at * 6 (D. Md. Jan. 28, 2014) (removing fiduciaries and permanently enjoining them from serving as fiduciaries of plans in the future, in conjunction with entry of default judgment). Accordingly, I recommend that the Court remove Defendant Hicks and the Company Defendants as fiduciaries of the Plan and enjoin them from any future service as a fiduciary, trustee, agent, representative, or service provider for an ERISA governed plan.

Finally, where fiduciaries of a plan governed by ERISA have been removed, it is appropriate for the Court to appoint an independent fiduciary to serve in their place. *See Katsaros v. Cody*, 744 F.2d 270, 281 (2d. Cir. 1984). The Secretary solicited and compared bids from potential independent fiduciaries, the lowest of which was submitted by Metro Benefits and attached to Ms. Hochman's Declaration. (Hochman Decl. Ex. 2, ECF No. 30-4.)  I accept Ms.

Hochman's representations as credible, and a hearing on the matter is thus unnecessary. Accordingly, I recommend that the Court appoint Metro Benefits to serve as an independent fiduciary for the purpose of terminating the Plan and distributing its assets to its participants and beneficiaries in accordance with the terms of the Plan. I further recommend that the Court order Defendant Hicks and the Company Defendants to reimburse the Plan for the cost of the services to be provided by Metro Benefits, up to the amount of its $28,050.00 bid. *See Perez*, 2014 WL 320130 at *6.

## III.   CONCLUSION

In sum, I recommend that:

1.     The Court GRANT the Secretary's Amended Motion for Default Judgment (ECF No. 30) against Defendants, Brian Hicks, Trojan Horse, Ltd., Capitol Expressways, Inc., Glen Burnie Hauling, Inc., and BDH Logistics, LLC;

2.     The Court order Defendants, Brian Hicks, Trojan Horse, Ltd., Capitol Expressways, Inc., Glen Burnie Hauling, Inc., and BDH Logistics, LLC to restore to the Plan damages in the amount of $20,160.74;

3.     The Court remove Defendants, Brian Hicks, Trojan Horse, Ltd., Capitol Expressways, Inc., Glen Burnie Hauling, Inc., and BDH Logistics, LLC as fiduciaries of the Plan and permanently enjoin them from serving as fiduciaries, trustees, agents, representatives, or service providers to any plan governed by ERISA and from engaging in future violations of ERISA;

4.     The Court appoint Metro Benefits as an independent fiduciary to effectuate the termination of the Plan and the distribution of its assets to its participants and beneficiaries; and

5.      The Court Order Defendants, Brian Hicks, Trojan Horse, Ltd., Capitol Expressways, Inc., Glen Burnie Hauling, Inc., and BDH Logistics, LLC to reimburse the Plan for the cost of the services to be provided by Metro Benefits, in an amount not to exceed $28,050.00.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

Dated: April 15, 2016                       _____/s/_____
                                            J. Mark Coulson
                                            United States Magistrate Judge